OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### JUNE TERM, 1855, AT OTTAWA.

————— ┉═━┉ —————

WILLIAM R. JAMESON *et al. v.* THE PEOPLE, on the relation of
Booth Nettleton, Defendants in Error.

#### ERROR TO ROCK ISLAND.

Where a municipal corporation has been recognized by acts of the General Assembly, empowering it to act, by issuing negotiable obligations, all inquiry into the original organization of the corporation is precluded.

Municipal corporations are created for the public good; are demanded by the wants of the community; and the law, after the long continued use of corporate powers, and the acquiescence of the public in them, will indulge in presumptions in support of their legal existence.

THE judgment in this case was rendered by WILKESON, Judge, at June term, 1855, of the Rock Island Circuit Court. The statement of the case will be found in the opinion of the court.

W. C. GOUDY, for Plaintiffs in Error.

J. H. STEWART, for the Relator.

SKINNER, J. This was a *quo warranto* in the name and on behalf of The People of the State of Illinois, on relation of Booth Nettleton against Jameson and others.

17

The information alleges that defendants below, as president and trustees of the town of Oquawka, are exercising the powers and franchises of a corporation without authority, and seeks to raise the question of the existence of such corporation.

The defendants below interposed several pleas, the first of which alleges subtantially : in manner provided by the first division of chapter twenty-five of the Revised Statutes ; the creation of the corporation in April, 1851, except, that the vote upon the question of becoming a corporation under the statute, and upon the election of the board of trustees, was taken by ballot instead of *viva voce*.

The first plea alleges the election of the present board of trustees in 1854 ; the election of trustees from year to year after April, 1851, and the. appointment by them of officers of the corporation, from time to time ; that the corporation, from April, 1851, up to the filing of the information, and for more than four years, was recognized as a public municipal corporation, and exercised the franchises and powers conferred upon such corporations by law ; passed and enforced ordinances ; levied and collected taxes ; brought and defended suits ; made contracts and incurred liabilities, and provided for and regulated the police of the said town of Oquawka ; that the legislature of this State has twice recognized the existence of such corporation ; that said legislature, by an act entitled, " An Act to authorize the town of Oquawka to subscribe to the capital stock of certain corporations therein named," approved 21st June, 1852, and by an act of the same title, approved February 8th, 1855, recognized the existence of the said corporation.

The plaintiffs below demurred to the defendants' pleas, and the court sustained the demurrer. If any one of the pleas is a good answer to the information, the judgment of the circuit court should be reversed.

From the view we take of the case, it is unnecessary to decide upon the materiality of the *mode* of voting under the statute and the constitution of 1848.

The acts of the legislature referred to, are public acts, and authorize the president and trustees of the town of Oquawka, as a corporation, to subscribe stock in a certain railroad company, and also, to subscribe stock in a certain plank road company, upon conditions in said acts mentioned ; to issue and negotiate bonds of the corporation ; to provide for paying interest on such bonds, and to levy and collect taxes upon property within the corporation.

These acts, recognizing the existence of the corporation, and empowering it to act as a body corporate, in issuing and negotiating obligations of the town, and upon the faith of which,

individuals may have invested their money, preclude inquiry into the question of the original legal organization of the town, and are conclusive upon the question of the existence of the corporation.

If there is no such corporation, all acts done under the supposed corporate powers, are mere nullities; and no liabilities can exist by reason of contracts made in the corporate name, except, perhaps, against individuals who never contemplated themselves incurring personal liabilities, by acts performed in an official capacity.

Were we to hold, after this acquiescence of the public, and these recognitions of the legislature, that the town remains unincorporated on account of some defect in its original organization as a corporation, what confidence could individuals have in the validity of securities emanating from these local authorities?

Municipal corporations are created for the public good—are demanded by the wants of the community; and the law, after long continued use of corporate powers, and the public acquiescence, will indulge in presumptions in favor of their legal existence. *United States Bank* v. *Dandridge*, 12 Wheaton, 64; *Dunning* v. *New Albany and Salem Railroad Company*, 2 Carter, 437; *Society of Middlesex* v. *Davis,* Metcalf, 133; *House* v. *House*, 5 Harris and John. 125. The law will incline to sustain, rather than to defeat them.

It would seem incompatible with good faith, and against public policy, although irregularities may have intervened in the organization of the town, now to hold, that it is not a body corporate; and we do not think the law requires us to do so.

We hold the first plea to be a justification to the defendants below, for exercising the powers of trustees in the information alleged.

Judgment reversed and cause remanded.

*Judgment reversed.*