THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* SELAH
GRIDLEY

*v.*

LUCIUS FARNHAM *et al.*

1. MUNICIPAL CORPORATIONS — *when the regularity of their organization cannot be questioned.* Where a municipal corporation has been recognized by enactments of the general assembly, all inquiry into the original organization of the corporation is precluded.

2. And in such cases, after long continued use of corporate powers, and the acquiescence of the public in them, the law will indulge in presumptions in support of their legal existence.

3. BOUNDARIES OF TOWNS — *legislative recognition.* Where the boundaries of a town have been defined by ordinance, and as thus defined the town authorities claim and exercise jurisdiction, a subsequent act of the general assembly recognizing the corporate existence of the town, will operate to confirm such claim as well as other matters of jurisdiction.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

On the 15th day of January, 1863, the State's attorney, upon the relation of Selah Gridley, exhibited in the court below an information in the nature of a *quo warranto*, against Lucius Farnham, Isaac Lott, Joseph S. Bibbins, William Williams and Henry H. Lewis.

. It was alleged that the defendants were using and exercising, without lawful authority, the office and privileges of trustees of the town of Newark, in the county of Kendall, whereas, in fact, the said town of Newark had never been incorporated.

It was further alleged, that the defendants were exercising the powers of trustees, pretendedly under the laws of this State relative to incorporated towns, over and upon the southwest quarter of the northwest quarter of section five, in township thirty-five north of range six, east of the third principal meridian, in said county, belonging to said Gridley, and without the limits and jurisdiction of said town of Newark, whereas, the defendants had usurped, and were unlawfully exercising the offices and privileges aforesaid.

With this information there was filed the following affidavit of said Gridley:

*Selah Gridley*, being first duly sworn according to law, says, on oath, that at a meeting of the inhabitants of the town of Newark, held on the tenth day of February, A. D. 1849, in said town, for the purpose of deciding by a vote whether they would become incorporated as a town under the general laws of the State of Illinois, in relation to the incorporation of towns then in force, thirty-one votes were then and there cast in favor of such incorporation, and three against it, as will appear by the certificate of the president and clerk of said meeting.

Affiant further says, that he has good reasons to believe, and does believe, that no certified statement in writing of the polls of the first meeting, provided for in the tenth section of the general laws of the State of Illinois, in relation to towns, was ever made and deposited with the county clerk of said county of Kendall, or entered or recorded in his office, as required by said tenth section; that affiant has been informed by the then clerk of said County Court, that no such certificate was ever deposited with him, and affiant has been unable to find any record of such certificate in the office of the clerk of said County Court.

Affiant further saith that he hath resided near said town ever since the year A. D. 1843, and has been acquainted with the inhabitants of said town during that time, and he believes that at the time of said meeting and the casting of the said votes, the number of the inhabitants included in the town of Newark, in said county, as surveyed and platted in accordance with the laws in relation to towns above referred to, was less than one hundred and fifty; that the voters of said town, so laid out and surveyed, together with others residing in the vicinity thereof, have from time to time met and chosen boards of trustees, who have exercised various powers and privileges given by the laws above mentioned, to boards of trustees of incorporated towns in this State, not only within the limits of the town of Newark, as laid out and surveyed as aforesaid, but also in land adjacent thereto and belonging to affiant, viz.: The southwest quarter of northwest quarter of 5, township 35, north range 6 east, 3d P. M., which has never been laid out, platted and surveyed as aforesaid.

Affiant further saith that on the 26th day of April, A. D. 1858, the acting board of trustees of said town made an order that the clerk thereof post notices of an election to be held in the public school house on the 29th day of May, A. D. 1858, to adopt or reject an act passed by the legislature in 1857, entitled " An act to extend the jurisdiction and powers of the president and trustees and constables of the towns of Oswego and Newark, in the county of Kendall." Said election to be held

between the hours of 1 and 5 o'clock in the P. M., and form of ballot to be "For the Act," or "Against the Act," as appears by the records of the proceedings of said board.

Affiant further says, that on said 29th day of May, 1858, between the hours aforesaid, said election mentioned in said order was held, and resulted, as declared by the moderator after canvass, as follows:

For the Act, No. of votes, .................... 52
Against the Act, No. of votes,................. 54

Affiant further says, that on or about the —— day of March, A. D. 1862, Lucius Farnham, Isaac Lott, Joseph S. Bibbins, William Williams, and Henry H. Lewis, were chosen trustees of said town by the voters thereof, and that said last named persons have ever since exercised and still continue to exercise various powers and privileges conferred by the general laws of this State in relation to towns, not only within the limits of the town of Newark, as surveyed, laid out and platted, but also upon and over said lands of this affiant, adjacent thereto, which have never been surveyed and laid out into town lots, additions or subdivisions, but are used and occupied by affiant as farming lands.

Affiant further says that no election or vote of the voters of said town, upon the incorporation thereof under the aforesaid general laws, has ever been had or taken, except as hereinbefore stated, nor had any votes been taken upon the adoption or rejection by the voters of the said town of Newark of said act entitled "An act to extend the jurisdiction and powers of the president, trustees and constables of the towns of Oswego and Newark," previous to the rejection thereof as aforesaid.

Affiant further says, that said Lucius Farnham, Isaac Lott, Joseph S. Bibbins, William Williams and Henry H. Lewis, claim the right to exercise the powers and privileges mentioned in said act in relation to the towns of Oswego and Newark.

Affiant further says, that the foregoing are the only special laws of this State in relation to the town of Newark, as affiant believes.

The questions arising in the case are, *first*, whether the recognition in the act of the General Assembly of 1857, of the organization of the town of Newark as a corporation, did not preclude any inquiry into the regularity of such organization; and *second*, whether the boundaries of the town were ever fixed and determined.

Issues were formed and submitted to the court, who found for the defendants. A new trial was refused, and judgment entered upon the finding.

The case is brought to this court upon writ of error, on the part of the relator.

Mr. D. P. JONES, State's attorney, and Mr. W. S. COY, for the relator.

Mr. CHARLES WHEATON, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This record presents the question whether the town of Newark was ever legally incorporated. It appears that the inhabitants of the village, in 1849, elected trustees, who organized as a board and assumed to exercise all of the functions pertaining to a lawfully incorporated town; that annual elections were held from that time until the exhibition of this information, with the exception of one year; that during that time the trustees claimed and exercised all the franchises belonging to such a body regularly organized. It also appears that an effort was made to organize under the general law of the State authorizing towns to become incorporated.

In the case of *Jameson* v. *The People ex rel.*, 16 Ill. 257, it was held by this court, that where a municipal corporation has been recognized by enactments of the General Assembly, all inquiry into the original organization of the corporation is precluded. It was further held, that in such cases, after long continued use of corporate powers, and the acquiescence of the public in them, the law will indulge in presumptions in sup-

port of their legal existence. An act was adopted by the General Assembly, at their session in 1857 (p. 1328), entitled "An act to extend the jurisdiction and powers of the president, trustees and constables of the towns of Oswego and Newark, in Kendall county." The provisions of this act refer to and recognize this as an incorporation, and it, by name and in terms, confers additional powers upon the body. The case of *Jameson* v. *The People* is decisive of this case, and by it this enactment precludes all inquiry into the regularity of its organization.

The next question is whether the boundaries of this town were ever fixed and determined. The fifth section of the act authorizing such towns to become incorporated (R. S. 112), declares that, "for the purpose of carrying the aforesaid provisions into effect, the said president and trustees shall have power to define the boundaries of such town, provided the same shall not exceed one mile square." On the 20th of February, 1849, the board of trustees, by ordinance, did fix the boundaries of this town. It was again, in 1855, amended by another ordinance. As thus defined, it embraced the property in dispute. This was the territory over which the president and trustees claimed and exercised jurisdiction, and the act of 1857 operated to confirm this claim as well as other matters of jurisdiction. We are unable to perceive that there has been any usurpation of corporate franchises by the president and trustees in this case, and there was, therefore, no error in the judgment of the court below, and it is affirmed.

*Judgment affirmed.*