[No. 6012.]

## THE PEOPLE *v.* RECLAMATION DISTRICT NUMBER ONE HUNDRED AND EIGHT ET ALS.

RECLAMATION DISTRICT. — A reclamation district is a public corporation for municipal purposes.

SAME—PUBLIC CORPORATION ESTABLISHED BY LAW.—The existence of such a corporation may be established by implication arising from the passage of acts recognizing its existence, and requiring a corporation for the performance of the duties and powers enjoined or conferred by such acts of the Legislature, however defective the original organization may have been.

SAME—GROUND FOR FORFEITURE.—The fact that reclamation of the lands of the district is impracticable is not a sufficient ground upon which to base a judgment of forfeiture of the corporation.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

Reclamation District Number One Hundred and Eight was formed by the Board of Supervisors of Yolo County on the 28th of September, 1870. On the same day it elected trustees and adopted a code of "by-laws," the seventh section of which declared that "the trustees shall allow no indebtedness to accrue in excess of the assessment levied." The complaint charged that this District was so formed as to include Reclamation Districts Ninety, Ninety-one, Ninety-two, and Ninety-four in Colusa County. A plan for the works of reclamation of District One Hundred and Eight consisted of a levee on the banks of the Sacramento River—from a point known as Sycamore Slough, in Colusa County, extending to Knight's Landing, in Yolo County —the cost of which was estimated at one hundred and forty thousand dollars. This was spent, and the District was run in debt one hundred and ninety-two thousand and forty-six dollars.

The Trustees of District One Hundred and Eight certified that over two dollars per acre had been expended in the District, and thereby obtained from the State a title to several thousand acres of land. The complaint alleged, among other things, that the Supervisors of Yolo County allowed this District to be formed without an inquiry whether the lands therein were susceptible of reclamation, and without inquiry into the character of the land, or as to whether the petitioners held a majority of the acreage, which it avers they did not. It also averred that the State owned lands in the District. The relief prayed, looked to declaring the District to have been formed illegally ; but if lawfully formed, then to settle its business and close it up—restoring to the State the lands which had been taken away from it by means of the false certificate of the Trustees that two dollars per acre had been expended in attempting to reclaim them; this expenditure was charged to be illegal under the by-laws ; but, if legal, the law under which it was executed was a fraud upon the trust upon which the State received the lands from the United States, as declared by this Court in *Kimball* v. *The Reclamation Fund Commissioners*, 45 Cal. 344. There was a demurrer interposed to the complaint, which was overruled. Thereupon defendants answered. Subsequently a trial occurred

with a judgment for defendants.   A motion for a new trial was
made, which being denied, this appeal was taken.

The other facts are stated in the opinion.

*Geo. Cadwalader. W. C. Belcher*, and *Jo. Hamilton*, for
Appellant.

*Wm. Blanding* and *S. W. Sanderson*, for Respondents.

By the Court, RHODES, J. :

The principal purpose of this action is to procure a judgment
to the effect that the Reclamation District was not legally
created, and has not now any legal existence.   It was held in
*Dean* v. *Davis*, 51 Cal. 409, that a reclamation district was a
public corporation.   The reasons there stated, and the author-
ities cited, fully sustain the proposition.   Such corporations are
sometimes denominated *quasi* corporations, for the reason that
they have not all the powers which belong to corporations by
the common law, or all those which are usually possessed by
municipal corporations; but as they possess all the powers,
either by express grant or necessary implication, which are
requisite for the performance of the duties enjoined upon them
by law, they are to be regarded as public corporations for mu-
nicipal purposes.

The plaintiff, for the purpose of showing that the Reclama-
tion District had not been legally organized—that is to say, that
the corporation had not been duly created—offered to prove
that at the hearing of the petition for the organization of the
District, no evidence was introduced before the Board of Super-
visors showing that the petitioners owned more than one-half of
the land included within the proposed District, or that the lands
were susceptible of reclamation, or that they were " swamp and
overflowed lands," and the plaintiff offered evidence to prove
that many of the matters set forth in the petition for the forma-
tion of the District were not true, but the Court excluded the
evidence.   The plaintiff also relies upon the alleged facts that
the Trustees of the District have been guilty of official miscon-
duct in several respects, such as in acquiring the title of the

State to parcels of the lands in the District, in making a false certificate, and in involving the District in debt.

In the view we take of the case it is immaterial whether the Board of Supervisors performed the duty enjoined upon it by law of ascertaining and finding the truth of the matters alleged in the petition. A corporation of this character is, as already stated, a public corporation. Such a corporation can be created not only by the means and in the manner provided by the general law, but also by special act, or by *implication of law.* Legislative recognition of a corporation is in many cases sufficient proof of its existence. Powers or privileges may be conferred or duties enjoined of such a character that a corporation would be required, and from which a corporation must be implied. If such powers or privileges cannot be enjoyed, or if such duties cannot be performed without acting in a corporate capacity, a corporation, to that extent, is created by implication. This result must necessarily ensue, otherwise the purpose of the Legislature must fail. There are many cases affirming this doctrine. In *Fourth School District* v. *Wood,* 13 Mass. 192, it was held that school districts were corporations, and as such had the power to sue, though they had not been expressly created as corporations, or authorized to sue. In *Bow* v. *Allenstown,* 34 N. H. 351, it was held that a joint resolution of the Legislature " to empower said Town of Allenstown to elect a Representative," and a subsequent act of the Legislature by which certain lands were annexed to the *Town of Allenstown,* showed that the Legislature " intended to recognize Allenstown as a place entitled to all the powers of a town, and to confer them upon it, if it had them not already "—that the act is " not only a recognition of Allenstown as a town, but it must be construed to confer the powers of a town in future, if it had not been before incorporated." *Jamison* v. *The People,* 16 Ill. 257, was a *quo warranto,* to test the question of the existence of the Town of Oquaka as a corporation. The Legislature had authorized the town to subscribe for the stock of a railroad and of a plank road, to issue and negotiate bonds, and to levy and collect taxes, and it was held that those acts " precluded inquiry into the question of the original legal organization of the town,

and are *conclusive* upon the question of the existence of the corporation." The *People* v. *Farnham*, 35 Ill. 562, is similar in its principal features to the last cited case, and the same doctrine was maintained. (See, also, *People* v. *Manhattan Co.* 9 Wend. 379; *North Hempstead* v. *Hempstead*, 2 Wend. 109; 1 Dill. Munic. Corp. secs. 22, 51, and cases cited; Ang. & Ames on Corp. sec. 77, and cases cited.)

In 1872, the Legislature passed two acts relating to Reclamation District Number One Hundred and Eight. By the first, provision was made that all warrants *drawn or to be drawn* by the Trustees of the District should bear interest from their presentation, and that delinquent assessments *levied or to be levied* should bear interest, etc., and that the assessments and interest should be placed to the credit of the District. (Stats. 1871–2, p. 696.) By the second act it was provided that "All swamp and overflowed lands which were included within the limits of Reclamation District Number One Hundred and Eight, as formed by the Board of Supervisors of Yolo County, shall be and they are hereby declared to be, liable for all assessments levied or to be levied thereon for the works of reclamation in said district." (Stats. 1871–2, p. 776.) These acts distinctly and unequivocally recognize the existence of the district, and, in order that they may have effect, it is essential that the district remain as a corporation with the general powers of corporations of that class. The acts contemplate the continuance of works of reclamation and the raising of money, by the levying of assessments for that purpose. These acts are sufficient to establish the legal existence of Reclamation District Number One Hundred and Eight as a public corporation, whatever defects there may have been in the original formation of the district.

The authorities are uniform upon the proposition that a public corporation will not be dissolved by a judgment of forfeiture of its powers and franchises, because of the acts or misconduct of its officers. (2 Dill. Munic. Corp. sec. 720.)

It is alleged that large sums of money have been expended in attempting to execute the original plan of reclamation; that there is a large amount of land in the District that cannot be reclaimed by any plan; that a large debt has been created, and

that the District is insolvent—all of which amount in substance to the allegation that the present plan or any plan of reclamation is impracticable.    This may be an appropriate question for legislative consideration; but clearly it is not a judicial question, and that fact, if proven, is not a sufficient ground for a judgment of forfeiture.

The remaining questions do not require special notice.

Judgment and order affirmed.

Mr. Justice McKINSTRY and Mr. Justice CROCKETT expressed no opinion.