THE STATE OF CONNECTICUT EX REL. THE TOWN OF HUNTINGTON vs. HUNTINGTON TOWN SCHOOL COMMITTEE.

Third Judicial District, Bridgeport, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The law and the facts existing when an action at law is brought must ordinarily govern its disposition.

Chapter 146 of the Public Acts of 1909 concerning town management of all public schools, worked no substantial change in the respective rights of towns and town school committees with reference to discontinuing or reopening a public school in towns containing but a single school district.

Town school committees form part of the agencies of the State for the due performance of the obligation, which it has always assumed, of providing for the proper education of the young. In exercising its powers, which are largely discretionary, such a committee is not the agent of the town but of the law, and therefore is not subject to the

control of the town with regard to reopening a school which the committee has seen fit to close.

General Statutes, § 2218, which provides that town school committees " shall perform all lawful acts which may be required of them by the town," has reference only to such acts as the town can lawfully require the committee to perform.

Argued November 3d—decided December 17th, 1909.

APPLICATION by the State's Attorney to the Superior Court in Fairfield County, for a writ of mandamus to compel the reopening of a school. An alternative writ having been issued, and a motion to quash filed, the cause was reserved (*Burpee, J.*) for the advice of this court. *Superior Court advised to quash the alternative writ.*

The alternative writ set forth these facts: The town of Huntington has abolished all school districts therein, and maintains the public schools as one district. They are under the general supervision and control of the town school committee elected October 5th, 1908, which closed a certain school in what was formerly known as the Lower White Hill District. Subsequently, on October 28th, 1908, the town voted that its best interests required that this school should be reopened, and that the town school committee be directed to reopen it; and appointed a special committee to see that it was reopened, and to take all proper legal proceedings for that purpose. The town school committee nevertheless has refused to reopen the school.

*Edward A. Harriman*, for the plaintiff.

*Alfred C. Baldwin*, for the defendant.

BALDWIN, C. J. Prior to July 15th, 1909, every town had power to abolish all separate school districts within its limits and constitute itself one consolidated district. It could elect a town school committee, which should "have the powers and duties of high school committees, district committees, and boards of school visitors; shall see that

good public schools of the different grades are maintained in the various parts of the town; . . . manage the property of the town pertaining to schools; . . . designate the schools which shall be attended by the children within their jurisdiction; . . . and shall perform all lawful acts which may be required of them by the town or which may be necessary to carry into effect the provisions of this title." General Statutes, §§ 2212, 2215, 2218. By an Act taking effect July 15th, 1909, every town was required thereafter to "assume and maintain the control of all the public schools within its limits" as one school district; and from that date until its next annual town meeting, the school visitors and the chairmen of the committees of the districts within each town were constituted a joint board, having the powers and duties of town school committees. A town school committee was to be elected at all future town meetings (with an exception not material in this cause), with the powers and duties of district committees and school visitors, who should "maintain in their several towns good common schools, of the different grades, at such places and times as in their judgment shall best subserve the interests of education, and as shall give all the scholars of the town as nearly equal advantages as may be practicable." Public Acts of 1909, p. 1070, Chap. 146, §§ 1, 3, 4. The motion for the writ of alternative mandamus was made and the writ issued in June, 1909. The motion to quash was filed in the following October.

An action for relief at law must ordinarily stand or fall, so far as concerns the cause of action, according to the facts and governing law existing at the date of bringing suit. *Woodbridge* v. *Pratt & Whitney Co.*, 69 Conn. 304, 334, 37 Atl. 688. The respective rights of towns and town school committees, however, with reference to discontinuing or reopening a public school in towns containing but a single school district, were substantially the same before the Act of 1909 took effect as since. The town must meet the cost

of maintaining proper schools: the town school committee must see that this is done; and for that purpose is clothed with large discretionary powers. In exercising these it is the agent not of the town, but of the law. *Newton* v. *Hamden,* 79 Conn. 237, 240, 64 Atl. 229. Connecticut has for centuries recognized it as her right and duty to provide for the proper education of the young. Town school committees exist as part of her agencies for regulating the due performance of this obligation. If elected by the towns, it is simply because the State has thought this mode of choice expedient. She might have selected them herself. Her concession of a right of election to the town does not recognize or imply that it has a right of control over the committee, when elected. *State ex rel. Walsh* v. *Hine,* 59 Conn. 50, 21 Atl. 1024.

It was the former policy of the State to make the management of schools in large measure a neighborhood affair, to be worked out by the creation of numerous small territorial divisions, which were sometimes formed from parts of several contiguous towns. Under this scheme of administration, each local school district had considerable authority over its school committee. *Gilman* v. *Bassett,* 33 Conn. 298, 304. For many years towns have been permitted to consolidate all the districts within their limits, and such a consolidation has now been made compulsory. The statutes under which this change of plan has been effected must be interpreted in view of their general purpose, which, in accordance with the economic trend of the times, is to unify and centralize the functions of local school administration. So construed the defendants were not subject to the control of the town, in regard to the maintenance of the school in question.

The provision in General Statutes, § 2218, that town school committees "shall perform all lawful acts which may be required of them by the town," means that they shall perform all acts which may be lawfully required of them by

the town. That which this action is brought to compel the defendants to perform is not one which the town could lawfully require from them.

The Superior Court is advised to quash the alternative writ.

No costs will be taxed in this court.

In this opinion the other judges concurred.