### Regional High School District No. 3 et al.
### v. Town of Newtown et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued April 9—decided May 19, 1948

*Morris Tyler,* with whom was *Donald F. Keefe,* for the plaintiffs.

*John S. Barton,* for the named defendant.

*J. Gregory Lynch,* with whom was *James M. Lynch,* for the defendant (Town of Bethlehem).

JENNINGS, J. In 1945 the General Assembly amended a chapter entitled "Educational Opportunities." General Statutes, Sup. 1945, §§ 194h-204h. Section 196h, which permits the establishment of regional school districts, is printed in a footnote.[1] The parties have united in a reservation for advice as to certain questions arising under the part of the chapter relating to regional districts, and more particularly § 196h. The questions asked are also printed in a footnote.[2]

---

[1] Sec. 196h. Establishment of Regional Schools. Any two or more towns, by vote in town meetings duly warned and held for such purpose, may, with the approval of the state board of education, establish a district for the purpose of administering public schools for any or all educational activities. Any town adjacent to a regional school district may vote, at a town meeting duly warned and held for such purpose, to apply for admission to such regional school district, and such regional board may, with the approval of the state board of education, admit such town. The proportionate share of indebtedness and current expenditures of each town shall be determined by the regional board in accordance with section 199h subject to appeal to the superior court.

[2] 1. Whether or not Regional High School District No. 3 was properly formed and has a legal existence.

2. If it has such legal existence, whether or not it was properly organized under the Statutes to commence business and to take action as such legal entity.

3. Whether or not the Town of Bethlehem ever legally became incorporated as part of Regional High School District No. 3.

4. Whether or not the defendant Towns of Newtown and Bethlehem had the power and right to withdraw from the Regional High School District No. 3.

5. If they be declared to have such power and right, whether or not they have the power to exercise it in the manner and at the times set forth in the complaint.

6. If they be declared to have such power and to have properly exercised it and so to have withdrawn, whether or not they remain liable for their proportionate shares of all expenses, indebtedness

The plenary power of the legislature to create, consolidate and abolish school districts is not questioned. *State ex rel. Walsh* v. *Hine,* 59 Conn. 50, 60, 21 A. 1024; *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563, 566, 74 A. 882; Voorhees, Law of Public Schools, § 17.

The formation of school districts within the towns was delegated to them and to the school societies without restriction as early as 1766. Statutes, Rev. 1821, p. 397, note 1. Incidentally, this note gives an interesting history of the early and continuous interest of the state in education. As is indicated in the review of school legislation in *Connor* v. *Spellacy,* 122 Conn. 36, 39, 186 A. 648, that power was long exercised by the towns. In legislating concerning education, the state is exercising its broad, sovereign power. *Bissell* v. *Davison,* 65 Conn. 183, 190, 32 A. 348; *State ex rel. Walsh* v. *Hine,* supra; see *State*

and liabilities of said plaintiff District incurred or contracted for up to and including the date on which the resolutions of withdrawal by said Towns were in each case voted.

7. Whether the Town of Newtown by its vote of November 12, 1947 referred to in Paragraph 9 of the complaint nullified the action which said Town had taken on November 10, 1947.

8. Whether the defendant Towns of Newtown and Bethlehem and the plaintiff Towns of Southbury and Woodbury, acting together through agents duly appointed by each, can take action to dissolve the plaintiff Regional High School District No. 3.

9. Whether such joint action by the constituent towns would have to be conditioned upon the consent of the State Board of Education.

10. Whether the sole power to dissolve Regional High School District No. 3 belongs to the General Assembly.

11. Whether the plaintiffs Carroll F. Johnson, Royal E. and Wallace C. Parsell, John T. Fleming, as he is Administrator of the Estate of Thomas P. Fleming, deceased, plaintiffs O'Connor and Kilham, R. J. Reynolds and The Colonial Trust Company and Woodbury Savings Bank can look to the defendant towns or all the towns or only to the Regional District for the satisfaction of any claims they or any of them may have by virtue of their dealings with said plaintiff Regional District as set forth in said complaint.

v. *Bassett,* 100 Conn. 430, 432, 123 A. 842. Section
198h provides that regional boards shall have all the
powers and duties conferred upon boards of educa-
tion by the General Statutes and also gives them
authority to purchase land and equip and organize a
school or schools. The specific powers and duties
of boards of education are set forth in § 237h; Gen-
eral Statutes, Title 8, as amended, regulates public
education in hundreds of sections. There is no
theoretical distinction between the consolidation of
districts within the town and the consolidation of
two or more towns into a regional district. It is not
necessary to labor the point. A few of the innumer-
able cases are cited to illustrate the power of the
state over educational matters and the variety of
situations in which it has been applied. *Scoville* v.
*Mattoon,* 55 Conn. 144, 149, 10 A. 511; *State ex rel.
Walsh* v. *Hine,* supra; *State ex rel. Huntington* v.
*Huntington School Committee,* supra, 566; *Gardner*
v. *Ginther,* 232 App. Div. 296, 250 N. Y. S. 176, aff'd,
257 N. Y. 578, 178 N. E. 802; *State ex rel. Zilisch* v.
*Auer,* 197 Wis. 284, 291, 221 N. W. 860; *School Dis-
trict* v. *Callahan,* 237 Wis. 560, 297 N. W. 407; Ham-
ilton & Mort, Law & Public Education, p. 526; notes,
65 A.L.R. 1523, 70 A.L.R. 1062, 135 A.L.R. 1096.

The power to acquire, hold and manage real and
personal property is customarily given to municipal
corporations for the efficient execution of the duties
imposed on them. *Hunter* v. *Pittsburgh,* 207 U. S.
161, 178, 28 S. Ct. 40, 52 L. Ed. 151. The defendants'
statement that the regional board is given complete
and uncontrolled power over the finances of the dis-
trict is correct except insofar as it is modified by
§ 196h, which gives a right of appeal to the Superior
Court as to the share which each town shall pay. As
stated above, the regional board has all the powers

and duties of a board of education; § 198h; and like a board of education it is an agency of the state, subject only to such limitations as to its expenditures as are imposed by statute. *Board of Education of Stamford* v. *Board of Finance,* 127 Conn. 345, 349, 16 A. 2d 601; see *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 150, 35 A. 421. The fact that some restrictions have been imposed on boards of education by reason of the powers given boards of finance does not militate against the general principle. "Perhaps the chief characteristic of the [modern] decisions is to indulge every possible presumption in favor of the validity of both the statutes themselves and the wide variety of administrative actions authorized by them." Tenth Yearbook of School Law (1942) p. 121. To take an extreme case, in *State ex rel. School District* v. *Bradley,* 54 Conn. 74, 5 A. 861, it was held that a school district could be established by prescription.

The Connecticut educational system has developed from the small, practically independent school district. The consistent legislative policy has been to consolidate and centralize schools and their administration. *State ex rel. Walsh* v. *Hine,* 59 Conn. 50, 60, 21 A. 1024; *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563, 566, 74 A. 882; *Connor* v. *Spellacy,* 122 Conn. 36, 46, 186 A. 648. Consolidation within the town was at first optional and is now compulsory. *State ex rel. Huntington* v. *Huntington School Committee,* supra. The present additional step of permitting towns to consolidate to form regional districts will permit towns unable to give their children the benefit of a modern school plant the power to do this. The determination of the state policy in a matter of this kind is for the General Assembly. The courts are not concerned

with its "wisdom, justice or fairness." *Hunter* v. *Pittsburgh,* supra, 176; *State* v. *Bassett,* 100 Conn. 430, 432, 123 A. 842. For the reasons stated, the General Assembly has the right to authorize regional districts.

In outline, the sequence of events was as follows: In September and October, 1945, Newtown, Woodbury and Southbury voted, in town meetings, to form a regional high school district. In November, the formation of the district was approved by the state board of education. In December, Bethlehem voted to apply for admission and the regional board voted to admit Bethlehem, subject to the approval of the state board. This approval was accorded in January, 1946. Members of the regional board were chosen by the boards of education of the towns, as provided by § 197h. Between January, 1946, and October, 1947, the regional district, acting through its board, undertook to establish a regional high school and to that end performed acts and incurred substantial indebtedness. The 1947 session of the General Assembly passed Special Act No. 359 (25 Spec. Laws 559), which named the district, gave the four towns the option of deciding whether to elect or appoint their members of the regional board, fixed the number of members for each town (naming Bethlehem, Newtown, Southbury and Woodbury) and their terms and provided that not more than two from any town should belong to the same political party. It also provided that incumbent board members should serve out the terms for which they were appointed. On October 10, 1947, Newtown voted to rescind its action in furtherance of the establishment of the regional district and to erect a school of its own. Bethlehem voted to rescind November 10, 1947. On November 12, 1947, pursuant to the special

act, Newtown voted to adopt the appointive method for filling vacancies in its membership on the board. The effect of this vote, inconsistent with the prior vote to rescind, is not considered. It affects Newtown only and the vote to rescind is found ineffective on other grounds. The defendants claim that the warnings of the town meetings and the votes to form a regional high school district were insufficient and that, in any event, § 196h contained unconstitutional delegation of power to the state board of education.

The state has broad power over educational policy and instrumentalities. It could have established the district without the consent of the towns, the state board of education or anyone else. It follows that the attempt of the towns to form the district pursuant to § 196h, to the extent described in the statement of facts, was effective to establish at least a de facto district. *State* v. *Carroll*, 38 Conn. 449, 473; *Lang* v. *Bayonne*, 74 N. J. L. 455, 462, 68 A. 90. It is true that the General Assembly "has no authority to legalize the organization of a district which it could not have authorized in the first place." *People* v. *Young*, 301 Ill. 67, 73, 133 N. E. 693; *Montgomery* v. *Branford*, 107 Conn. 697, 707, 142 A. 574. That is not the situation in the case at bar, as is pointed out above. The state had full power to establish the district and could therefore validate any irregularities in its organization. *West Hartford* v. *Thomas D. Faulkner Co.*, 126 Conn. 206, 212, 10 A. 2d 592, and see *Bridgeman* v. *Derby*, 104 Conn. 1, 15, 132 A. 25.

The main provisions of Special Acts, 1947, No. 359, have been described. It specifically provided that incumbent board members should serve out the balance of their terms. No more definite recognition

of the district could have been made short of express validation. Action of this character has been held sufficient to validate the irregular organization of such quasi-municipal corporations. *Comanche County* v. *Lewis,* 133 U. S. 198, 202, 10 S. Ct. 286, 33 L. Ed. 604; *Bow* v. *Allenstown,* 34 N. H. 351, 370; *Bath* v. *Boyd,* 23 N. C. 194, 198; *People* v. *Farnham,* 35 Ill. 562, 567; *Broking* v. *Van Valen,* 56 N. J. L. 85, 93, 27 A. 1070; 1 McQuillin, Municipal Corporations (Rev. 2d Ed.) p. 501; and see *Water Commissioners* v. *Curtis,* 87 Conn. 506, 508, 89 A. 189; *Preveslin* v. *Derby & Ansonia Developing Co.,* 112 Conn. 129, 140, 151 A. 518. The passage of the special act constituted validation of the organization of the district. In view of this conclusion it is unnecessary to discuss further the claimed irregularities in organizing the district relied on by the defendants or the constitutionality of § 196h, a discussion which would be academic. *Bow* v. *Allenstown,* supra, 373.

The 1947 act was noted in the brief of the plaintiff but its effect was not pursued, and it was only casually mentioned in oral argument. This court is justified in determining its effect because the public welfare and large public interests are involved. *Rindge* v. *Holbrook,* 111 Conn. 72, 75, 149 A. 231. The basic question concerns the legal existence of the district, and it was primarily to secure an answer to this question that the case was reserved for advice.

The statement of facts recites that Bethlehem and Newtown voted to rescind their action in joining the district nearly two years after its formation, and after the act of 1947 took effect. One of the questions asked is whether they can legally withdraw. The district is a quasi-municipal corporation, established by the state to carry out one of its governmen-

tal purposes. 1 McQuillin, op. cit., p. 404. It can therefore be dissolved only by direct action by the state. Id., p. 884; *Lang* v. *Bayonne,* 74 N. J. L. 455, 462, 68 A. 90. None of the towns which are members of Regional High School District No. 3 have the power to withdraw therefrom without legislative authority. *Connor* v. *Spellacy,* 122 Conn. 36, 47, 186 A. 648.

All of the interested parties, the towns, their citizens and electors, the state and all creditors of the regional district were made parties to this action, but only the municipal corporations and the state appeared. The individual rights of creditors may depend upon special considerations existing in each case, and it seems inadvisable in the absence of further details with reference to the individual transactions to pass on the validity of their claims, as is requested in the questions asked. Furthermore, that type of question is not recognized as suitable for determination in an action for declaratory judgment. *South Norwalk Trust Co.* v. *Knapp,* 128 Conn. 426, 432, 23 A. 2d 519. An ordinary suit in contract would answer every purpose and is a preferable mode of procedure. Since the creditors are parties to this action, the answers given will govern the adjudication of their claims as far as they apply.

The questions asked are answered as follows: In answer to question 1, Regional High School District No. 3 has a legal existence. Questions 2, 3 and 10 are answered in the affirmative and questions 4 and 8 in the negative. The other questions are not answered.

No costs will be taxed in this court.

In this opinion the other judges concurred.