[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR SUMMARY JUDGMENT #108.00
FACTS
On or about October 10, 1997, the plaintiff was present at the Housatonic Valley Regional High School in his capacity as a labor mediator for the state of Connecticut. The school is allegedly operated and maintained by Regional School District #1. While participating in the mediation process, the plaintiff had occasion to be present in the school's cafeteria where he allegedly sustained injuries when he slipped and fell on a food item (plum). The plaintiff commenced the present action on September 21, 1999, against the American Federation of State and Municipal Employees Council 4 (AFSCME), Katie Gannett, Secretary of the Regional School District #1 Board of Education and Alan Cockerline, President of the Regional School District #1 Board of Education (the defendants).[1] The defendants filed a motion for summary judgment and supporting documentation on March 16, 2001. The defendants move for summary judgment on the grounds of municipal immunity and lack of notice. The plaintiff filed a memorandum in opposition to the motion and a supporting affidavit at oral argument.
DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine CT Page 13931 issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." QSP, Inc. v. The Aetna Casualty Surety Company, 256 Conn. 343, 351 (2001). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; citation omitted.) Appleton v. Board of Education ofStonington, 254 Conn. 205, 209 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574
(1987).
The defendant asserts, and the plaintiff does not contest, that a regional school district is a quasi municipal corporation. See RegionalHigh School District No. 3 v. Newtown, 134 Conn. 613, 620 (1948). As such, it is immune from tort liability under certain circumstances. "At common law, Connecticut municipalities enjoy governmental immunity, in certain circumstances, from liability for their tortious acts."Ryszkiewicz v. New Britain, 193 Conn. 589, 593 (1984). Furthermore, "[a] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501, 505 (1989).
The determination of whether official acts or omissions are ministerial or discretionary is ordinarily a question of fact except when the nature of the act is apparent from the complaint or there is no disputed issue of material fact. See Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 628 (2000); Elliott v. Waterbury, 245 Conn. 385, 411
(1998).
It is not apparent from the allegations of the complaint in the present case whether the defendants' actions were ministerial or discretionary in nature. The affidavit provided by the school custodian, Kevin Wheeler, leaves some doubt as to the discretion or judgment exercised with regard to inspection of the cafeteria floor, particularly following the dismissal of students at 2:25 p. m., and whether there is some protocol CT Page 13932 that must be followed. This raises a genuine issue of material fact and therefore must be decided by the trier of fact.
Even if the court could make a determination that the acts complained of were discretionary, the Supreme Court has set forth three exceptions to qualified immunity for discretionary acts: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Purzyckiv. Fairfield, 244 Conn. 101, 108 (1998). The only exception that could be applied to the facts of this case is the first, and this involves an unresolved genuine issue of material fact. See Evon v. Andrews, supra,211 Conn. 507; see also Marceau v. Norwich, 46 Conn. Sup. 197, 203 (1999) ("whether it is apparent to a defendant that his act or failure to act subjects an identifiable person to imminent harm is a question of fact").
The defendants also assert that the plaintiff fails to provide adequate evidence of notice.[2] The plaintiff claims that the issue of notice cannot now be raised because the defendants failed to plead it as a special defense. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. DanaInvestment Corporation, 249 Conn. 1, 17 (1999); see also Practice Book § 10-50. Notice is among those defenses that must be specially alleged. See W. Horton K. Knox, 1 Connecticut Practice Book Series: Practice Book Annotated (1998) § 10-50, p. 382. The plaintiff has properly objected to the defendants failure to specially allege lack of notice; thus, the defendants are precluded from now raising it as a defense. "A defendant's failure to plead a special defense precludes the admission of evidence on the subject. . . . DuBose v. Carabetta,161 Conn. 254, 261, 287 A.2d 357 (1971)." Pieri v. Bristol,43 Conn. App. 435, 441 (1996). The defendants have the burden of proving a special defense. New England Savings Bank v. Bedford RealtyCorporation, 246 Conn. 594, 606 n. 10 (1998). Because the defendants have failed to properly plead notice as a special defense, they cannot meet the burden with which they are charged.
Finally, the defendants stated in the memorandum supporting this motion for summary judgment that it is their assumption that the only intended defendant is the Regional School District because no substantive allegations have been set forth against individual defendants Gannett and Cockerline. Thus, they request that judgment enter in favor of the CT Page 13933 individual defendants. While the court agrees that the plaintiff named Gannett and Cockerline as defendants as a basis for imposing liability on the Regional School District, summary judgment is not the proper procedural means by which to request revision of a complaint. Furthermore, the issue was not properly briefed, merely raised in a footnote. Thus, the court declines to enter judgment in favor of these defendants.
CONCLUSION
For the foregoing reasons, the defendants' motion for summary judgment is denied.
Agati, J.