## TOWNSHIP OF SHERIDAN v. TOWNSHIP OF FROST.

*Statute of limitations—Bars suit for accounting between townships under How. Stat. sec. 795—If not commenced within six years after right of action accrues—In absence of controlling equities to the contrary.*

Proceedings under How. Stat. § 795, for an accounting and settlement between townships, must be commenced within six years after the right of action accrues, in the absence of controlling equities to the contrary.

Appeal from Clare. (Hart, J.) Argued June 16 and 17, 1886. Decided June 24, 1886.

Bill filed under How. Stat. § 795, for an accounting and settlement between townships. Complainant appeals from decree dismissing bill. Affirmed. The facts are stated in the opinion.

*E. D. Wheaton* and *C. W. Perry*, for complainant.

*E. C. Chapin*, for defendant.

SHERWOOD, J.   The bill in this case was filed under chapter 20 of Howell's Statutes, for an accounting and settlement between these townships.

The bill shows that the complainant township was organized March 1, 1870, in the county of Clare, and was composed of four government townships, numbered 17, 18, 19, and 20 N., of range 3 W.

On the third day of May, 1875, township 20 was detached, and, with other territory, organized into the township of Frost.

How. Stat. §§ 790–1, provides that in case of the division of townships, and the formation of new ones, the personal property belonging to the older township shall be divided between the two, and the same shall be apportioned between them by the township boards, according to the amount of taxable property in the township divided or altered as it existed immediately before the division or alteration, to be ascertained by the last assessment roll of such township; and section 794 further provides that debts owing by a township so divided or altered shall be apportioned in the same manner as the personal property of such township, and each township shall thereafter be charged with, and pay, its share of the debts, according to such appraisement.

It is also further provided, by section 791, that the township boards shall meet as soon as may be after such alteration or division, for the purpose of making such division and apportionment.

By the eighth section of the act of 1881 (How. Stat. § 795)·
it is further provided, if the boards shall fail or neglect
to meet as provided to make such division and apportion-
ment, the township or city whose board shall so neglect or
refuse " shall be liable to an action for an accounting and
settlement, in a suit in chancery, in accordance with the
practice therein, in the same manner and to the same effect
as may be had between individuals or private corporations."

The bill shows that the complainant township, up to and
at the time the defendant was set off and organized into a
township, had become largely indebted to the county of
Clare, in several considerable sums, for State and county
taxes; also to the township contingent fund, the school, high-
way, and bridge funds ; that several attempts have been made
by the township boards to obtain a meeting thereof for the
purpose of apportioning the said indebtedness between the
townships, as authorized by the statute, but none was ever
made, and that the defendant township neglects and refuses
to make further efforts; and now asks that an accounting
may be had, and a settlement may be made, under the direc-
tion of the court.

The defendant pleaded the statute of limitations, and
answered, leaving the complainant to make its proofs of the
allegations contained in the bill.

The cause was heard on pleadings and proofs taken in
open court in the Clare circuit, and the court entered a decree
dismissing complainant's bill.

Complainant appeals.

The defendant became a township under an act of the Leg-
islature (No. 384 of the Local Acts of 1875), and elected its
first officers in the spring of 1876.

The complainant claims there is due to it from the defend-
ant, upon a fair adjustment under the statute, the sum of
$5,166.64. If such indebtedness of the defendant ever
existed, it accrued as soon as the defendant township was
organized, and was then an unliquidated obligation. It was
the complainant's duty, after the organization of the town-
ship of Frost, as soon as it reasonably could, to secure a deter-

mination of the exact amount.    This it neglected to do for a period of at least seven years, and then commenced this suit.

It is substantially conceded by the complainant that if the statute of limitations applies to the case the complainant must fail.    It is very evident that the statute contemplates an early and speedy adjustment of the indebtedness of the new township in this class of cases.    The circumstances of this case show the necessity of prompt and early action.    The careless and imperfect manner in which the township records are frequently kept, and the danger of their loss or destruction from frequent changes in their custody, require there should be no unreasonable delay in the proper adjustment of all municipal liability and indebtedness.    The record in the present case shows that portions of the complainant's documentary proofs have been destroyed by fire.

The original indebtedness to claimant in this case was that of the township of Sheridan, and, when ascertained or paid by that township, a proper portion thereof became the indebtedness of Frost to Sheridan.    Had the case been between two individuals, assumpsit would have been the proper remedy, and the remedy would have been lost at the expiration of six years after the right of action accrued.    In such cases there must be a limitation at some time of the right to establish the claim and resort to the remedy proper for its enforcement, and equity will apply the limitation in analogy to cases at law; and we think the Legislature clearly intended, when it provided for a speedy ascertainment of the extent of the liability, that the remedy for its enforcement should be governed by the six-years limitation provided within which claims of the same character should be enforced in other cases, unless there should exist some controlling equities to the contrary.

Both justice and public policy require that the shortest period prescribed by the statute for the limitation of the action, proper in the case, should be applied.

The decree must be affirmed, without costs to either party.

The other Justices concurred.