CASTERLINE v. MEYERS.

1. EVIDENCE — PRESUMPTION THAT PUBLIC OFFICERS HAVE DONE THEIR DUTY.

In the absence of evidence to the contrary, the courts are bound to presume that public officers have not culpably neglected, but properly discharged, their official duty, and that their acts are in all respects regular.

2. SCHOOLS AND SCHOOL DISTRICTS—PRESUMPTION THAT BOUND-ARIES WERE LEGALLY CHANGED.

Where for more than 30 years public officials have acted on the assumption that plaintiff's land was within the boundaries of defendant school ·district, it will be presumed that the proper legal action was taken at the time the boundaries of defendant were changed, by including therein said land, in the absence of the public records, which, it appears, have not been preserved.

Certiorari to Kent; Dunham (Major L.), J. Submitted January 8, 1924. (Calendar No. 31,130.) Decided March 5, 1924.

Mandamus by Fred Casterline to compel Charles Meyers, director of school district No. 9, fractional, of Sparta and Algoma townships, to draw an order for the payment of tuition under Act No. 79, Pub. Acts 1921. From an order granting the writ, defendant brings certiorari. Writ dismissed.

*Smedley, Linsey & Shivel,* for appellant.

*Homer H. Freeland,* for appellee.

SHARPE, J. Plaintiff is the owner of and resides on a farm in Algoma township, in the county of Kent. In 1881, this land was detached from defendant district, known as the Meyers district, and attached to

district No. 6, known as the Hull district. The change was made to accommodate the children of one Schidel, who then resided on said land. It appears, however, that in 1891 this land was placed in the Meyers district on the tax roll and the school taxes levied on it that year and ever since have been paid to the treasurer of that district. Since that time the school census of the defendant district has always included the children of school age residing on this land.

The plaintiff moved on this land in 1921. He had two children who had passed the 8th grade, and whom he desired to attend a high school maintained in district No. 2 of Sparta. He complied with the requirements of Act No. 79, Pub. Acts of 1921 (Comp. Laws Supp. 1922, § 5830), and requested defendant as director of the Meyers district to draw an order on the treasurer to pay the tuition required for attendance at such high school. On defendant's refusal, he petitioned the circuit court for Kent county for a mandamus to compel him to do so. Defendant reviews on certiorari an order granting the writ.

Prior to 1909, the power to alter the boundaries of school districts was conferred upon the township board of school inspectors, which consisted of two persons elected as such officers and the township clerk. (2 Comp. Laws 1897, § 4646.) In that year, the law was amended and such power conferred upon the township board (2 Comp. Laws 1915, § 5860). In his return to the writ, the trial judge states:

"That upon the hearing in said cause, no testimony was introduced, but the facts as orally agreed upon by the counsel for the respective parties are set forth in the opinion of the court, a true copy of which is attached to defendant's affidavit and application for writ of certiorari and marked Exhibit D."

In the opinion, it is said:

"After the law was changed as to changing the

boundary of school districts from school inspectors to township boards, no care has been taken to preserve records made, if any, by the school inspectors."

For more than thirty years, the officers of the township and school districts have acted on the assumption that this land was included in the defendant district.

"In the absence of evidence to the contrary, the courts are bound to presume that public officers have not culpably neglected, but properly discharged their official duty; and that their acts are in all respects regular." 10 R. C. L. p. 880.

The action of the supervisor, in placing the land in the defendant district, when spreading the taxes on it in 1891 and continuously thereafter, and that of the director of the defendant district during such time in including the children of school age residing on such land in his census list, raise a strong presumption that appropriate proceedings had been theretofore taken to place it there. This presumption is supported by the acquiescence of the owner of the land and the officers of the Hull district in the action thus taken from year to year. The records, if they could have been produced, would have shown whether such change had been made. It appearing that no care had been exercised to preserve them, we think, after the lapse of so many years, this presumption should be deemed conclusive. The conclusion reached finds support in the following authorities: *People* v. *Maynard,* 15 Mich. 463; *Stuart* v. *School District,* 30 Mich. 69; *Stockle* v. *Silsbee,* 41 Mich. 615; *Keweenaw Ass'n* v. *School District,* 98 Mich. 437; *Rhode Island* v. *Massachusetts,* 4 How. (U. S.) 591; *Indiana* v. *Kentucky,* 136 U. S. 479 (10 Sup. Ct. 1051); *Louisiana* v. *Mississippi,* 202 U. S. 1 (26 Sup. Ct. 408).

The writ is dismissed, with costs to appellee.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.