SCHOOL DISTRICT NO. 14, FRACTIONAL, *v*. SCHOOL DISTRICT NO. 1.

1. SCHOOLS AND SCHOOL DISTRICTS—ALTERATION OF BOUNDARIES—ACQUIESCENCE.

> Action of village and city officers in incorporating eight-acre triangular piece of land within boundary of municipality upon its organization, assessing and collecting school taxes thereon, and acquiescence therein by plaintiff school district, its taxpayers and officials for many years, raises presumption, in the absence of public records, that territory was detached from plaintiff district and annexed to defendant district by proper proceedings.

2. SAME—ADDITION OF TERRITORY BY PRESCRIPTION.

    Limits of a school district may be extended by prescription provided boundaries of such added territory are definite.

3. SAME—SCHOOL CENSUS—TUITION—CONTINUITY OF ACTS.

    Listing of school children living on disputed land in census of plaintiff school district and fact that tuition was at one time paid defendant district *held*, to be an inadvertence and not evidence of intent to claim that property was in plaintiff district, where such acts were not continuous.

4. SAME—LACHES—CHANGE OF CIRCUMSTANCES.

    Omission of plaintiff school district for many years to do what is required by law to protect its rights as to territory claimed to be within its district justifies presumption that abandonment has taken place and operates as laches which bar assertion of rights therein after valuable improvements have been put upon property.

Appeal from Berrien; White (Charles E.), J. Submitted January 16, 1934. (Docket No. 129, Calendar No. 37,085.) Decided April 3, 1934. .

Bill by School District No. 14, Fractional, Niles Township, Buchanan Township and City of Buchanan against School District No. 1, Township of Buchanan, City of Buchanan and others to determine boundaries of school districts, for an accounting for taxes collected and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Stuart B. White,* for plaintiff.

*Frank R. Sanders* and *Gore & Harvey,* for defendants.

NELSON SHARPE, C. J. The bill of complaint herein was filed to secure a judicial determination that a small triangular piece of land, consisting of about eight acres in the north half of section 25, in the township of Buchanan, in the county of Berrien, is

included within the boundaries of the plaintiff district; to compel the defendants city clerk and assessor respectively of the city of Buchanan, in which the defendant district is situate, to treat it as such; and for an accounting by the defendant district of school taxes collected by it, to which the plaintiff was legally entitled.

Both districts have existed for many years. No record could be found of the organization of either of them or of the territory embraced therein. The St. Joseph river forms the southerly and westerly boundary of this land. The plaintiff district lies to the north of the river, and the defendant district, with the exception of the land in dispute, to the south thereof.

The village of Buchanan was reincorporated by Act No. 388, Local Acts of 1891. The tract in question, described by metes and bounds, was included therein. It is now a city, and includes the defendant district. In 1891, a dam was constructed across the river at this point, and a small power house was erected on the land in question.

The tax rolls of the township, village and city for the years 1889 to 1930 inclusive were put in evidence. They disclose that from 1889 to 1904 inclusive this land was assessed in the plaintiff district, except during the years 1895 to 1900 inclusive, when it was assessed in the defendant district. In 1901 or 1902 much improvement was made in the power plant upon the property. In 1903, the land was assessed by itself and a school tax levied thereon of 90 cents, while the dam, power houses, machinery, etc., were assessed as personalty and a school tax of $1,048.41 collected and paid to the defendant district. In 1904, they were assessed in the same manner, the school tax, which the defendant district re-

ceived, being the sum of $2,049.90. In 1905 and succeeding years, the land and the improvements thereon were assessed as real estate, and placed in the defendant district; the assessment thereof having been increased from $175,000 in 1905 to $450,000 in 1930, in which latter year the school tax paid was the sum of $7,617.66.

In the opinion filed by the trial judge he said:

"The dispute has now become very acute, because of the value of the improvements made upon the disputed lands in question. It seems to me, however, that it is now too late for the plaintiff school district to claim that the transfer of said disputed lands from plaintiff district to defendant's district was without authority of law. It has always been the policy of courts to treat long acquiescence in settled state of facts as settling permanently controversies of this kind."

He concluded that "the court cannot now disturb these territorial limits," and a decree was entered dismissing plaintiff's bill of complaint, from which it has taken this appeal.

The record here discloses that for 25 years the land in dispute and the improvements thereon have been treated by the assessing officers as included in the defendant district; that no objections thereto, except for the last few years, had been made by any officer of, or by any taxpayer living in, the plaintiff district; that during all these years the valuation placed on this land and the improvements thereon was largely in excess of that of the plaintiff district; that the owners during that time have annually paid a school tax thereon, in some years amounting to more than $8,000; that it had become a part of the city of Buchanan and a new school house had been erected therein and bonds issued to provide for

the payment thereof; that, while the record does not clearly so disclose, it will be assumed that the employees in the manufacturing plant located thereon reside in the city, and that provision has been made by the defendant district for the education of their children.

From the facts stated it may be inferred that this land was included within the boundaries of the plaintiff district when it was organized, but the long-continued period of time during which school taxes have been assessed and collected and paid to the officers of defendant district and disbursed by them without objection on the part of the taxpayers and officials of the plaintiff district, and with apparent acquiescence on their part, furnishes ground for the presumption that the action of the village and city officers was based upon lawful authority and that it was detached from the plaintiff district and annexed to that of the defendant by proceedings taken for that purpose by officials delegated to act in such matters.

The conclusion reached is well supported by authority.

"Ordinarily, when a school district or other local school organization has for a considerable period of time acted as such and been generally recognized as legally existing, it will be presumed, at least in the absence of any showing to the contrary, that it was legally and regularly created; and, similarly, after a long period of acquiescence it may fairly be presumed that an alteration of the boundaries of a district, or the transfer of territory thereto or therefrom, was authorized and properly effected." 56 C. J. p. 253.

"It has been held that the limits of a school district may be extended by prescription, comprising

a long-continued exercise of control over additional territory for school purposes, provided the boundaries of such added territory are definite." 56 C. J. p. 210.

The decision in *State, ex rel. Halfway School District,* v. *Bradley,* 54 Conn. 74 (5 Atl. 861), fully sustains this statement.

In *People* v. *Maynard,* 15 Mich. 463, wherein the question of the legality of the organization of certain townships was involved, the court said (p. 470):

"If this question had been raised immediately, we are not prepared to say that it would have been altogether free from difficulty. But, inasmuch as the arrangement there indicated had been acted upon for 10 years before the recent legislation, and had been recognized as valid by all parties interested, it cannot now be disturbed. * * * But in public affairs, where the people have organized themselves under color of law into the ordinary municipal bodies, and have gone on year after year raising taxes, making improvements, and exercising their usual franchises, their rights are properly regarded as depending quite as much on the acquiescence as on the regularity of their origin; and no *ex post facto* inquiry can be permitted to undo their corporate existence."

"Where a city has had peaceable control for over 30 years of a parcel of land once claimed by a county for county-seat purposes, such control being under claim of *right* in the city, and not simply to give police protection to said land as public grounds, a bill in equity by the county to declare its right to the land under its original claim is filed too late, and will be dismissed." *Board of Supervisors of the County of Kent* v. *Grand Rapids* (syllabus), 61 Mich. 144.

In *Casterline* v. *Meyers,* 226 Mich. 155 (syllabus), it was held:

"Where for more than 30 years public officials have acted on the assumption that plaintiff's land was within the boundaries of defendant school district, it will be presumed that the proper legal action was taken at the time the boundaries of defendant were changed, by including therein said land, in the absence of the public records, which, it appears, have not been preserved."

It appeared, however, in that case, as counsel for the plaintiff points out, that some stress was laid upon the fact that the school children residing in the territory in dispute were listed in the census reports as residents of the defendant district. It appeared that the owners of the land in dispute in this case erected two dwelling houses upon it, and that at one time school children living in them were listed in the census of the plaintiff district, and that some tuition was at one time paid to the defendant district for children residing therein. Such acts were not continuous, and we think, in view of the conditions existing, that they were the result of inadvertence rather than intent to claim that the property was in the plaintiff district.

"The omission to do what one is by law required to do to protect his rights, and which justifies a fair presumption that he has abandoned the same, under circumstances which misled or prejudiced an adverse party, may in equity operate as laches which bar the assertion of such right later under changed conditions, even though the statute of limitations has not run." *Olson* v. *Williams,* 185 Mich. 294, 301.

"The doctrine of laches is founded upon long inaction to assert a right, attended by such intermediate change of conditions as renders it inequi-

table to enforce the right." *Angeloff* v. *Smith,* 254 Mich. 99, 101.

It has been held that long acquiescence by a State in permitting another State to hold possession of territory and to exercise sovereignty and dominion over it is conclusive of the title and rightful authority of the latter. *Indiana* v. *Kentucky,* 136 U. S. 479 (10 Sup. Ct. 1051) ; *Louisiana* v. *Mississippi,* 202 U. S. 1 (26 Sup. Ct. 408).

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellees.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.