## TOWNSHIP OF ROYAL OAK *v.* SCHOOL DISTRICT NO. 7, ROYAL OAK TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—TAXATION—TOWNSHIP TREAS-URER.

    Prior to September, 1927, it was the duty of the township treasurer, out of the moneys collected by him, to pay school districts within the township the whole school tax assessed, while after that date the township treasurer pays out to the school districts only the school tax collected, hence, township would have no recourse against school districts for payment of taxes assessed but uncollected prior to 1927 and doctrine of laches would be inapplicable as to such taxes (2 Comp. Laws 1915, § 5706; 2 Comp. Laws 1929, § 7470).

2. EQUITY—LACHES—DELAY OF LESS THAN STATUTORY PERIOD.

    The omission to do what one is by law required to do to protect his rights, and which justifies a fair presumption that he has abandoned the same, under circumstances which misled or prejudiced an adverse party, may in equity operate as laches which bar the assertion of such right later under changed conditions, even though the statute of limitations has not run.

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 4] 19 Am. Jur., Equity, § 490.
[3] 19 Am. Jur., Equity, § 501.

3. SAME—LACHES.
   The doctrine of laches is founded upon long inaction to assert a right, attended by such intermediate change of conditions as renders it inequitable to enforce the right.

4. MUNICIPAL CORPORATIONS—LACHES.
   As between municipal corporations the equitable doctrine of laches is applicable.

5. EQUITY—STALE CLAIMS.
   Courts of equity are not inclined to view with approbation, claims which have laid dormant for many years.

6. TOWNSHIPS—STALE CLAIMS—OVERPAYMENT OF TAXES.
   Township which waited from 1928 to 1943 before attempting to enforce alleged claim for overpayment of taxes against school district and until conditions in the school district have changed so as to make it inequitable to enforce such claim would not be entitled to recover thereon.

Appeal from Oakland; Simpson (John), J., presiding. Submitted June 8, 1948. (Docket No. 7, Calendar No. 44,106.) Decided October 4, 1948.

Bill by Township of Royal Oak against School District No. 7, Royal Oak Township to restrain prosecution of mandamus brought to compel plaintiff's treasurer to pay $7,421.63 to defendant. Bill dismissed. Plaintiff appeals. Affirmed.

*Glenn C. Gillespie* and *Franklin E. Morris,* for plaintiff.

*Maurice F. Cole,* for defendant.

SHARPE, J. This is a suit to restrain defendant school district from prosecuting a petition for a writ of mandamus to compel the treasurer of Royal Oak township to pay the sum of $7,421.63 and for an accounting. From a decree dismissing plaintiff's bill of complaint, an appeal is taken.

School District No. 7 of Royal Oak township is a regularly organized school district in Royal Oak

township. The events out of which this suit arose began prior to 1928 when the township of Royal Oak as a matter of convenience to the township in connection with its bookkeeping instituted a practice by which the full school levy was paid to each school district, regardless of the tax collections. The township collected the taxes and retained the interest as compensation for its full payment of the school levy to the school districts. The method of remitting the full school levy was followed from the year 1924 up through 1927 after which time it was discontinued.

In 1942 or 1943, the township made a claim against the school district for overpayment of taxes. In December, 1944, the school district filed a petition for a writ of mandamus against the township treasurer to compel him to pay the school district the sum of $7,421.63, which the township treasurer had received from the county treasurer which he had credited on account of the claimed indebtedness of the school district.

It also appears that from 1927 to 1943 several annexations took place within the township; and that the township of Royal Oak, in connection with settling the township debt with the cities to which the annexed lands were added, failed to list among its assets any balance claimed to be due from the school district. Nor does it appear that any township officer made any claim to the school district that there was any money owing the township for the years 1924 through 1927.

In an opinion filed by the trial court, it is said:

"Although the agreement between the township and the school districts was probably not strictly in compliance with the law, yet it was one that both sides acquiesced in and considered it a closed transaction up until 1942 or 1943. To now set that agreement aside and have it held for naught means the

upsetting of all the transactions over a period of 15 or 16 years between this township and the various school districts. If the township was not satisfied with the agreement or the way their officers were handling their business surely the residents of the township could have started suit in 1928, at least for the return of these moneys it now claims was illegally paid to the school districts.

"In the opinion of the court, the township or its residents cannot sit idly by for such a great number of years and then come into court and ask that the original agreement or transaction be set aside, and ask for an accounting of all these items over the many years. The township never in any way intimated to any of the school districts by its conduct, action or word, that the agreement of 1927 and prior years was not a valid and closed transaction. As the auditors stated, to go back and try to audit and adjust all of the items between these parties over this term of years would be a long and arduous task involving a great matter of expense. In the opinion of the court, if ever the doctrine of laches or acquiescence should be enforced it is in this case."

Plaintiff appeals and urges that laches is not applicable against a municipal corporation seeking enforcement of public rights. As authority for this principle, plaintiff cites 30 C.J.S. pp. 526, 527, where it is said:

"The doctrine of laches cannot be applied against public rights. While the contrary has been held, by the weight of authority the defense of laches is not available against the government, State or national, in a suit by it to enforce a public right or to protect a public interest, or, as the rule is sometimes expressed, the laches of its officers or agents will not be imputed to the government. * * * In some jurisdictions the rule exempting the government from the operation of the doctrine of laches applies in favor of municipal corporations and other governmental agencies when the right sought to be

enforced by them is public or governmental in character, but not otherwise; in other jurisdictions laches is pleadable against such corporations and agencies the same as against an individual."

The doctrine of laches has no application as to taxes collected prior to September, 1927, as prior to the above date taxes were collected and remittance made by the township treasurer to the school district under 2 Comp. Laws 1915, § 5706, which provided:

"The township treasurer shall retain in his hands, out of the moneys collected by him, after deducting the amount of tax for township expenses, the full amount of the school taxes on the assessment roll, and hold the same subject to the warrant of the proper district officers, to the order of the school inspectors, or of the persons entitled thereto, and give a written notice to the township clerk of the amount."

By virtue of this act it was the duty of the township treasurer, out of moneys collected by him, to pay the school district the whole school tax assessed.

In *School District of City of Lansing* v. *City of Lansing,* 260 Mich. 405, 416, we said:

"Under 2 Comp. Laws 1915, § 5706, the tax collecting officer, out of moneys collected by him, was required to pay to the school district the whole school tax assessed.    Under 2 Comp. Laws 1929, § 7470,* he is required to pay, out of the moneys collected by him, only the amount of school tax collected.    These provisions have reference merely to the disbursement of actual tax collections, not to liability for school taxes not collected.    The change in the statute eliminated liability for the entire school tax assessed and leaves liability for uncollected taxes to be governed by other law."

---

* Stat. Ann. § 15.493.—Reporter.

It follows that as to the years covered by the above statute the township has no recourse against the school district for payment of taxes assessed, but not collected. Act No. 319, Pub. Acts 1927 (2 Comp. Laws 1929, § 7094 *et seq*. [Stat. Ann. § 15.1 *et seq*.]), which repealed the above section, became effective in September of that year. Under this act the township treasurer is required to pay to the school district only the amount of the school tax collected. It, therefore, follows that the question of laches need only be considered as to that part of the alleged claim based upon taxes paid the school district after the effective date of the 1927 act.

In *School District No. 14, Fractional, v. School District No. 1,* 266 Mich. 479, a bill of complaint was filed to secure a judicial determination that an eight-acre tract of land was included within the boundaries of plaintiff school district. It appears that both school districts had existed for many years. No record could be found of the organization of either or of the territory embraced therein. The tax rolls of the township showed that the disputed area was assessed to plaintiff district from 1889 to 1904 except that from 1895 to 1900, inclusive, it was assessed to defendant district. In 1905 and thereafter the land was assessed and placed in defendant district. In denying plaintiff district relief, we quoted the following with approval:

" 'The omission to do what one is by law required to do to protect his rights, and which justifies a fair presumption that he has abandoned the same, under circumstances which misled or prejudiced an adverse party, may in equity operate as laches which bar the assertion of such right later under changed conditions, even though the statute of limitations has not run.' *Olson* v. *Williams,* 185 Mich. 294, 301.

" 'The doctrine of laches is founded upon long inaction to assert a right, attended by such interme-

diate change of conditions as renders it inequitable to enforce the right.' *Angeloff* v. *Smith,* 254 Mich. 99, 101.''

We are not in accord with plaintiff's claim that the doctrine of laches is not applicable against a municipal corporation seeking enforcement of public rights.   The case of *School District No. 14, Fractional,* v. *School District No. 1, supra,* was between two municipal corporations.   Moreover, the law is well settled that as between municipal corporations the equitable doctrine is applicable.   See *Township of Sheridan* v. *Township of Frost,* 62 Mich. 136. Moreover, courts are not inclined to view with approbation claims which have laid dormant for many years, see *State, ex rel. Attorney General,* v. *Clay County,* 226 Iowa, 885 (285 N.W. 229).

In the case at bar the township waited from 1928 to 1943 before it began a suit to enforce its alleged claim against the school district.   The changed conditions in the school district renders it inequitable to permit the township to enforce its claimed right after so long a delay.

The decree is affirmed, with costs to defendant.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.